**LARSEN v. UNITED STATES.**

No. 18771.

United States District Court
E. D. New York.

June 24, 1949.

Richard M. Cantor, New York City, attorney for libellant.

J. Vincent Keogh, U. S. Attorney, Brooklyn, N Y., Kirlin, Campbell, Hickox & Keating, New York City, of counsel, for respondent.

GALSTON, District Judge.

On March 4, 1949 the respondent filed a motion to dismiss the libel on the ground that it was brought without the authority of the libellant. On April 22, 1949 the proctor for the libellant filed a motion for an order to fix the amount of his lien for legal services rendered. These motions were not argued until June 15, 1949, without explanation of the delay in bringing on the motions for argument.

Both motions will be disposed of in this memorandum.

The libel was filed on March 30, 1948, and alleges that the respondent operated and controlled the S. S. Fort Raleigh; that the libellant was employed by the respondent aboard the said vessel; that while so employed he sustained personal injuries because of the defective condition of a gangway of the vessel.

The libel was signed and verified by Richard M. Cantor as proctor for the libellant.

In the affidavit supporting the motion to dismiss the libel, it appears that Larsen, after the accident, remained in Great Britain, receiving hospital treatment, first as an inmate and then as an out-patient; and after negotiation with a respresentative of the Government, settled his claim in full for the sum of $3236, in addition to the sum of $1150.80 which had previously been paid to him. In the Cantor affidavit of April 19, 1949 in support of his motion for an order to fix the amount of his lien, appears a statement that on February 5, 1947 he received a cable from Larsen advising him that he had come to an agreement regarding "this case". I must assume that what Mr. Cantor meant was the claim, since this case was not instituted until March 30, 1948. Prior thereto apparently on behalf of Larsen, Mr. Cantor had begun an action in New York County, on January 7, 1947, against the American Pacific Steamship Company, which company it was alleged operated the vessel on behalf of the United States Government. In that State Court action, the motion to vacate the service of the summons was granted.

Thereafter, according to Mr. Cantor, for the purpose of protecting the rights of the libellant in the event that "this prospective settlement was not consummated, I instituted this action in admiralty by filing a libel".

The letter of Larsen dated December 27, 1946 to Mr. Cantor must be read as a sufficient authority for him to proceed on such claim as Larsen had. It is a general authority to proceed to sustain the claim against anyone who might be liable; but this general authority on which Mr. Cantor relies cannot carry over to the institution of the instant libel in view of the intervening settlement by Larsen himself, in the absence of some special authority from Larsen to Cantor. None such is shown.

Cantor, for what he did in the State Court against the defendant or any ⋅ laimant, might have acquired an attorney's lien, but his present contention in the instant case is without force and effect because he instituted this action on behalf of Larsen against the United States knowing that Larsen more than a year prior thereto had settled his claim for the injuries sustained. In the circumstances there should be a showing of special authority from Larsen to institute this libel. Despite the fact that motion papers to dismiss the libel were served on him on March 2, 1949, at this late date he has been unable to adduce, at least he has not adduced proof of any such special authority.

In view of the necessity for dismissing the libel on the grounds heretofore stated, there is nothing to which, in this case, Cantor's lien could possibly attach. Accordingly his motion must be denied. Settle orders on notice.